ABRAHAM L. TAYLOR and JOHN BAIRD agt. WM. BOLMER.

Assignees are not liable for costs of a suit, brought by the assignors previous to the assignment and carried on afterwards by the assignors as plaintiffs, and judgment for costs obtained against them by defendant where it appears the assignees did nothing whatever in carrying on the suit, although the claim for which the suit was brought was included in the assigned property.

*February Term*, 1846.

MOTION by defendant that the assignees of plaintiff's pay defendant's costs.

It appeared from defendant's papers that this suit was commenced on the 10th January, 1845. The cause was referred to a sole referee, who, on the 30th September, 1845, signed his report in favor of the defendant. Defendant stated that the plaintiffs were insolvent; that on the hearing, Jacob Miller, one of the assignees of the plaintiffs, was examined as a witness, who produced the assignment and schedules of the plaintiffs, and stated that he and his partner, Isaac Shaurman, were the assignees mentioned in the assignment, and in a conversation stated that they and others of the creditors relied very much upon a recovery in this suit to satisfy their claims against the plaintiffs. The claim for which this suit was brought was included in the assignment. Defendant stated that he was informed and believed that, if the plaintiffs had recovered in this suit, the proceeds would have been paid over to the assignees; and further believed that the assignees encouraged the prosecution of the suit and supplied the plaintiffs or their attorney with funds for that purpose. The defendant's taxed bill of costs had been demanded of plaintiffs' attorney, the plaintiffs and each of the assignees of the plaintiffs, who severally refused payment, Taylor, one of the plain

Taylor agt. Bolmer.

tiffs, saying, at the time of the demand, that he must consult his assignee, Jacob Miller.

On the part of the assignees, it appeared from the affidavits of each of the assignees and each of the plaintiffs, that this suit was commenced before the assignment was made, that the assignees never advised the *prosecution,    [*100] and never were consulted in relation thereto, they had never encouraged the prosecution of the suit and never advanced a cent for the purpose ; neither of the plaintiffs was consulted by the assignees in relation to the payment of the costs. The assignees wholly denied that they had had anything to do either with the bringing, conducting or continuing the suit ; but it had been brought, conducted and managed exclusively by the plaintiffs and the attorney retained by them, and that the proceeds, if the plaintiffs had recovered, would have been paid over to the plaintiffs, although ultimately it might have enured to the benefit of plaintiffs' creditors.

Miller denied the statement alleged by defendant to have been made by him, to wit : " that the assignees and other creditors relied very much upon a recovery in this suit, to satisfy their claims against plaintiffs ;" he also stated that he was required by the plaintiffs to attend as a witness before the referee.

Defendant's counsel insisted that the assignees, having accepted the assignment of a claim, knowing it to be in suit, were liable for the costs accrued, as well before as after the assignment. 10 *Wend.* 622. And that one of the assignees, having been present at the hearing of the cause before the referee, as a witness, and suffering the suit to proceed for his benefit, rendered himself a partner liable for the costs, and *cited* 20 *Wend.* 630 ; 2 *Cow.* 460 ; 20 *Johns.* 475 ; 18 *Wend.* 672 ; 1 *Howard's Prac. Rep.* 216 ; 1 *Hill,* 633 ; *R. S., 2d Ed.,* 515, § 47.

Counsel for the assignees cited 20 *Wend.* 630 ; 1 *Hill,* 629 ; 1 *Howard's Prac. Rep,* 216.

W. M. EVARTS, *defendant's counsel.*
M T. BOLMER, *defendant's attorney.*

Kellogg agt. Kellogg.

J. DAVIS, *counsel for assignees.*

SCOLES & COOPER, *attorneys for assignees.*

BRONSON, Chief Justice. The suit was brought and carried on by the plaintiffs, and by them alone; and the proof is, that the money, had the plaintiffs recovered, was to go into their hands.

Motion denied.